HARRY KRICH, PLAINTIFF, v. MEYER ZEMAL ET AL., DEFENDANTS.

Decided April 19, 1923.

Trespass—Rights in Building Wall—Contract to Use Wall to Rest Beams of Another Building—Foreclosure of Mortgage on Building.

Before Justices Parker and Bergen.

For the plaintiff, *Herbert J. Hannoch.*

For the defendants, *Benjamin M. Weinberg.*

Per Curiam.

In 1912 Walter H. Meier was the owner of No. 306 Market street, Newark, New Jersey, and S. R. and W. A. Baker, of 304, same street, and Meier contracted with the Bakers to put up a building for his use on 306. Meier, in writing, agreed with the Bakers that they might rest the roof beams of the building on 306 on the adjoining wall of the building standing on 304, and this was done. The agreement, which was recorded, provided that these beams should

rest there as long as the building put up on 306 should stand. The building was put up and roof beams inserted in the wall of the buildings standing on 304. . At the time this was done there was a, mortgage on No. 304, which was subsequently foreclosed and the owners of No. 306 made parties and their rights foreclosed. The property was sold under foreclosure and purchased by the plaintiff who brought a suit in trespass, based on the projecting beams in the west wall of .304, and has a judgment for six cents, from which defendants appeal. The grounds of appeal being that defendants were entitled to a nonsuit, or direction of a verdict in their favor, the defendants being successor in title of the Bakers to lot 306. It would seem from these facts that defendants were using a part of plaintiff's wall to support their roof beams without title, or color of title and trespassed to the extent of the encroachment. But defendants claim that by virtue of the foreclosure sale the plaintiff became the owner of so much of defendant's building as is included in the wall, that is the ends of the beams, and that as defendants have now no ownership in the ends of the beams imbedded in plaintiff's wall they are not trespassers. The evidence shows that in addition to the inserted beams of the roof, the building of defendant encroaches on plaintiff's land an inch and three-eighths in the front and one inch in the rear. This is enough to support the action of trespass, and the only answer to it by defendants is that the action was only brought to recover damages because the building of defendants leans against that of plaintiff. An examination of the complaint shows that the encroachment of the building is one of the grounds of complaint, as well as the insertion of the roof beams into the wall. What relief defendants may have in equity is not to be considered, in an. action at law, for a plain occupation of plaintiff's land against his protest.

The defendants also argue that the foreclosure transferred the title to the ends of the beams to the purchaser. But apart from the encroachment of about one inch as above

set out, the right given to the Bakers was strictly an easement which was cut off by the foreclosure, and the use of the wall for support, which still continues, is a clear tresspass. The Bakers had no interest in Meier's land except the right to put the beams on the wall, which right was cut off by foreclosure of the mortgage and the beams remaining constitutes a trespass.

There was evidence to support the findings of fact and the judgment should be affirmed, with costs.